# Exhibit 3

# Transcript of Jury Selection, Dec. 2, 2016
## 2:15-cr-00472-RMG

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

UNITED STATES OF AMERICA          :
                                  :
            vs.                   :
                                  :
DYLANN STORM ROOF                 :      2:15 - CR - 472


        Jury selection in the above matter held Wednesday,

December 2nd, 2016, commencing at 9:13 a.m., before the

Hon. Richard M. Gergel, in the United States Courthouse,

Courtroom VI, 85 Broad St., Charleston, South Carolina,

29401.


APPEARED ON BEHALF OF THE UNITED STATES:

  JAY N. RICHARDSON, ESQ., 1441 Main St., Columbia, SC.

  NATHAN WILLIAMS, ESQ., P.O. Box 978, Charleston, SC.

  STEPHEN J. CURRAN, ESQ., 601 D Street, NW, Washington, DC.


APPEARED ON BEHALF OF THE DEFENSE:

  DAVID I. BRUCK, ESQ., Washington & Lee School of Law,
  Lexington, VA.

  KIMBERLY C. STEVENS, ESQ., 1070-1 Tunnel Rd., Asheville, NC.

  SARAH S. GANNETT, ESQ., 850 W. Adams St., Phoenix, AZ.


        REPORTED BY DEBRA L. POTOCKI, RMR, RDR, CRR
     Official Court Reporter for the U.S. District Court
                    P.O. Box 835
                  Charleston, SC  29402
                    843/723-2208

hundreds, maybe thousands of decisions made in a trial, and one person has to be in charge. And when one is self-representing, that person is the defendant. And standby counsel can't just keep standing up and objecting to what the defendant, as his lawyer, is doing. It's just impossible. It creates an unmanageable situation and it's not acceptable.

I keep having to deal with this issue. I don't know how many times I need to say it, but the role is a consultative role. That is the role. I know that defense counsel disagree with me. I respect that. I respect their view. But I insist that standby counsel respect the rulings of this Court.

Mr. Bruck, do you understand that?

MR. BRUCK: Yes, sir.

THE COURT: Please take your seat then.

MS. STEVENS: Your Honor, one brief thing?

THE COURT: No, ma'am.

MS. STEVENS: It's about a comment the Court made this morning. I know the Court didn't mean it, but you called us a two-headed monster.

THE COURT: No, I was describing the -- a situation where we have two people making a decision, that that situation is a two-headed monster. I was not referring to y'all personally. It is a description of two heads making one decision. It can not be done. It's a euphemism, it has nothing to do with y'all individually.

MS. STEVENS:  Thank you, Your Honor.

THE COURT:  Now, as to the comment that the defendant is unable to object, I've watched him for four and a half days, he has frequently objected, the record will speak for that.  I haven't found him to have any hesitation to object to make recommendations to ask questions, frankly, many are very good questions he has asked me to make.  And, Mr. Roof, I might be wrong, I don't think I failed to ask any question you've asked me to make.  Is that fair?

THE DEFENDANT:  Yes, except for the one about whether you would want you on your jury.

THE COURT:  Right, and I think you understand why I wouldn't -- that's not an appropriate question.  But other than that, I've asked, I think, every question you've asked me.

THE DEFENDANT:  Yes.

THE COURT:  Do you feel comfortable asking me questions?

THE DEFENDANT:  Yes.

THE COURT:  I mean, I have the impression that you have been able to communicate with me.  Is that fair?

THE DEFENDANT:  Yes.

THE COURT:  And will you continue to do that?

THE DEFENDANT:  Yes.

THE COURT:  And let me just say this.  There was some