UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-2
(2:15-cr-00472-RMG-1)
(2:25-cv-03298-RMG)

_____

In re: DYLANN STORM ROOF,

      Petitioner.

_____

O R D E R

_____

Petitioner Dylann Storm Roof, a self-proclaimed white supremacist, murdered nine African Americans during a Bible study at Mother Emanuel Church in 2015. A jury convicted him and sentenced him to death. He appealed his conviction and sentence to this Court. We affirmed. *United States v. Roof*, 10 F.4th 314 (4th Cir. 2021). The United States Supreme Court denied his petition for a writ of certiorari. *Roof v. United States*, 143 S. Ct. 303 (2022).

In March 2025, less than a month before filing a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, Roof moved to recuse District Judge Richard M. Gergel, who has presided over the case since July 23, 2015, the day after Roof was indicted. He claims that Judge Gergel "made known in 2015 that he wanted to preside over this case," Pet. at 1, and further claims that Judge Gergel's desire "raises serious and disturbing questions about [his] ability to remain impartial and unbiased." *Id*. at 8. Roof now petitions

for mandamus from this Court, seeking to recuse Judge Gergel from hearing his § 2255 motion.

"Mandamus is a 'drastic' remedy that must be reserved for 'extraordinary situations' involving the performance of official acts or duties." *Cumberland Cnty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016) (quoting *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)); *Belue v. Leventhal*, 640 F.3d 567, 575 (4th Cir. 2011) (holding that recusal of the presiding judge is a "drastic remedy"). "Courts provide mandamus relief only when (1) petitioner has no other adequate means to attain the relief [he] desires; (2) petitioner has shown a clear and indisputable right to the requested relief; and (3) the court deems the writ appropriate under the circumstances." *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (cleaned up). "[W]hen mandamus is sought to compel an act normally committed to the discretion of the district court[,] the petitioner faces an even more rigorous standard." *In re Catawba Indian Tribe of S.C.*, 973 F.2d 1133, 1136 (4th Cir. 1992). The "proper test" is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id*.

First, Roof has not shown a clear and indisputable right to the relief requested. His motion is based almost entirely on hearsay evidence that Judge Gergel desired to preside over the case. "[W]e do not say that hearsay may not in some circumstances constitute a basis for recusal." *Hodgson v. Liquor Salesmen's Union Local No. 2*, 444 F.2d 1344, 1349 (2d Cir. 1971). But even assuming, without deciding, that this allegation is true, this alone is insufficient to show a clear and indisputable right to recusal. Nothing, aside from Roof's conclusory allegation, shows that this alleged interest resulted in any bias. *See United*

*States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational or highly tenuous speculation.") (quotation marks and citations omitted); *Hodgson*, 444 F.2d at 1349 ("If mere rumor, gossip, or general conclusory opinions were sufficient, any party could reject a judge at will."). And because Roof has failed to establish a prima facie case of bias, whatever "investigation" that Judge Gergel did or did not do is irrelevant.

Roof's other allegations—that Judge Gergel referred to the victims once in non-jury hearings as "my victims" and rolled his eyes—are similarly insufficient to show bias. *See, e.g.*, *United States v. Collier*, 932 F.3d 1067, 1079 (8th Cir. 2019) (holding that a judge's comment that a defendant's case was "stupid" did not show bias); *United States v. Perkins*, 787 F.3d 1329, 1337, 1342-43 (11th Cir. 2015) (holding that a judge's comment to a criminal defendant that he should not resist because "we're going to get you anyway" and "[it's] the ones like you that I hate the most" did not show bias). Again, even assuming that Judge Gergel developed a negative view of Roof as alleged, such a view is not the type of bias or partiality that requires recusal. *See Liteky v. United States*, 510 U.S. 540, 550-51 (1994) ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings.").

Second, Roof cannot show that he has no other means available for relief. In his § 2255 motion, he argues that Judge Gergel's bias violates his due process rights and that

his attorneys were constitutionally ineffective for failing to move for recusal at trial. If the district court rejects these arguments, he may appeal to this Court for review. *See In re Catawba Indian Tribe of S.C.*, 973 F.2d at 1136 (making clear that mandamus "should not be used as a substitute for appeal"); *In re Cabezas*, No. 22-14054-A, 2023 WL 6784344, at *2 (11th Cir. Mar. 1, 2023) (denying a writ of mandamus because the § 2255 petitioner "has the adequate alternative remedy of attempting to raise the recusal issue in an appeal once a final judgment is entered in his § 2255 proceedings").

Third, Roof has not shown that a writ of mandamus is appropriate even though this is a capital case. As the Supreme Court has observed, petitioners in post-conviction capital cases have a unique interest in delaying the resolution of their claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (noting the reality that "capital petitioners" have an incentive to "deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death"). Roof's death sentence is not a sufficient reason alone to grant the petition. *See Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (unpublished) (per curiam) (affirming denial of capital defendant's motion to recuse judge).

In sum, Roof has not met the requirements for mandamus relief. The petition is therefore denied.

Entered at the direction of Judge Benton with the concurrence of Senior Judge Gilman and Senior Judge Chin.

For the Court

/s/ Nwamaka Anowi, Clerk

4