_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

## In re DYLANN ROOF,

Appellant.

_____

## PETITION FOR REHEARING AND PETITION FOR REHEARING *EN BANC*

_____

Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
Phone: 843-819-0557
Email: jill@charlestonmediator.com

Angela S. Elleman
Chief, Capital § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

*Attorneys for Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ii

I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND.....................................................................................2

Judge Gergel's independent fact-finding mission was highly improper, yet not considered by this Court. ......................................................................................2

II. ARGUMENT.............................................................................................................3

A. Judge Gergel's independent fact-finding mission was highly improper because judges "shall not investigate facts in a matter independently." ...............3

B. Appeal of this issue following the District Court's resolution of Mr. Roof's § 2255 does not adequately address the concerns raised. ...................................5

III. CONCLUSION ........................................................................................................7

CERTIFICATE OF COMPLIANCE ........................................................................9

CERTIFICATE OF SERVICE ...............................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009) ...................................4
*Creech v. United States Dist. Ct. for the Dist. of Idaho (In re Creech)*, 119 F.4th 1114 (9th Cir. 2024) ...................................................................................................6
*Gladstein v. McLaughlin*, 230 F.2d 762 (9th Cir. 1955) ...........................................7
*In re Al-Nashiri*, 791 F.3d 71 (D.C. Cir. 2015) ........................................................6
*In re Al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019) ......................................................7
*In re Bulger*, 710 F.3d, 42 (1st Cir. 2013) ...............................................................6
*In re Martinez-Catala*, 129 F.3d 213 (1st Cir. 1997) ...............................................6
*In re Murchison*, 349 U.S. 133 (1955) ......................................................................4
*In re Roof*, 2025 U.S. App. LEXIS 20603 (August 13, 2025) ..............................1, 2
*In re Roof*, 25-2 ........................................................................................................2
*McNeil v. Wisconsin*, 501 U.S. 171 (1991) ...............................................................4
*Rice v. McKenzie*, 581 F.2d 1114 (4th Cir. 1978) ......................................................4
*United States v. Roof*, 2:15-cr-00472-RMG ..............................................................2

**Rules**

ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 478 (2017) ............3, 4
Code of Conduct for United States Judges Canon 3(A)(4) (2019) ...........................3
Model Code of Judicial Conduct Canon 2, Rule 2.9(C) (2020) ...........................3, 4

# I. INTRODUCTION

Dylann Roof petitions for rehearing and rehearing *en banc* of the Court's decision denying a writ of mandamus seeking Judge Gergel's recusal. As explained in Mr. Roof's Mandamus Petition, there are two reasons for recusal. First, Judge Gergel's impartiality is of concern because of his eagerness to preside over Mr. Roof's trial. Second—and more disturbing—Judge Gergel responded to Mr. Roof's recusal motion by undertaking his own behind-the-scenes fact-gathering mission. In denying the Mandamus, this Court failed to address Judge Gergel's independent fact-gathering mission.

The panel, sitting by designation in the Fourth Circuit, ruled by written opinion on August 13, 2025, that Mr. Roof failed to satisfy the standard for a grant of recusal through a writ of mandamus. *See In re Roof*, 2025 U.S. App. LEXIS 20603 (August 13, 2025). Because the Court determined that Mr. Roof failed to demonstrate a prima facie case of bias, the Court concluded that "whatever 'investigation' that Judge Gergel did or did not do is irrelevant." *Id*. at 3. The Court appears to have determined that Judge Gergel's highly unusual independent investigation impacted only the procedure used to decide the recusal motion in the first place, and therefore was not relevant due to the Court's ruling on the merits. However, in the district court and again in the Mandamus Petition, Mr. Roof raised a second and independent basis for recusal: Judge Gergel's April 2025

investigation itself constituted a new factual basis for recusal, separate and apart from his 2015 expressed desire to preside over the case. This Court did not address Judge Gergel's highly inappropriate behind-the-scenes investigation, which demonstrate bias and flout this Court's dedication to an adversarial system rather than an inquisitorial one. The panel, or, in the alternative, the Court *en banc*, should reconsider its ruling and address Judge Gergel's improper, independent fact-finding mission.

## II. FACTUAL BACKGROUND

**Judge Gergel's independent fact-finding mission was highly improper, yet not considered by this Court.**

When confronted by a motion for recusal in this case, Judge Gergel did not ask the government to respond. Nor did he hold a hearing on disputed facts. Instead, Judge Gergel engaged in a fact-finding mission to defend his own actions. This fact-finding investigation was not a mere procedural irregularity in the consideration of the basis for recusal, but rather an independent and additional basis for recusal. Mr. Roof raised this issue in his second Motion for Recusal, *United States v. Roof*, 2:15-cr-00472-RMG, Dkt. 1054, and in his Petition for Mandamus, *In re Roof*, 25-2. Dkt. 2, but it was not addressed by the Court's Order on August 13, 2025. *See In re Roof*, 2025 U.S. App. LEXIS 20603.

Judge Gergel's fact-finding mission entailed obtaining signed statements from two of his colleagues and placing them on the record in Mr. Roof's case.

2

Judge Gergel then—*within minutes*—issued a written opinion, citing extensively from both docketed statements. The fact-finding investigation was conducted outside the presence of the parties, without the parties' (or certainly, at least, without Mr. Roof's) knowledge, and off the record. Such actions are wholly inappropriate to resolve *any* motion, let alone a motion seeking recusal. Accordingly, Mr. Roof petitioned this Court to order recusal or remand the issue for an evidentiary hearing on Judge Gergel's actions before an impartial arbiter.

## II. ARGUMENT

### A. Judge Gergel's independent fact-finding mission was highly improper because judges "shall not investigate facts in a matter independently."

Judges are prohibited from independently investigating matters before them. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 478 (2017); Code of Conduct for United States Judges Canon 3(A)(4) (2019); Model Code of Judicial Conduct Canon 2, Rule 2.9(C) (2020). Judge Gergel conducted an independent investigation through a clandestine process to which the parties were not privy and had no opportunity to respond. As such, Judge Gergel circumvented standard procedures and precluded any adversarial process. Instead, he solicited statements from his colleagues, placed his colleagues' statements on the docket, and relied on these statements to issue his ruling. This was not a choice Judge Gergel was ethically permitted to make.

A fair tribunal is a basic requirement of due process. *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) (alteration in original) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). It is equally axiomatic that judges "shall not investigate facts . . . independently," Model Code of Judicial Conduct Canon 2, Rule 2.9(C) (2020), but must instead "consider only the evidence presented by the parties," ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 478 (2017). "What makes a system adversarial rather than inquisitorial is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin*, 501 U.S. 171, 181, n.2 (1991).

Judge Gergel circumvented the basic principles of due process and our adversarial system, which this Court, or the full *en banc* Court, must address. The ultimate question raised by recusal is not whether Judge Gergel is impartial, but whether one "might reasonably question his impartiality on the basis of all of the circumstances." *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). Judge Gergel is a respected jurist who has served the District of South Carolina for over fifteen years. A reasonable person, however, would ask why Judge Gergel conducted an independent investigation in violation of our system of justice— clearly calling into question his impartiality given all the circumstances.

The recusal motion raised the question of whether Judge Gergel can fairly preside over Mr. Roof's § 2255 case. The judge's response to the recusal motion does nothing to assuage concerns that he cannot; to the contrary, it amplifies questions about Judge Gergel's ability to fairly hear the issues before him in this matter. This Court should reconsider its order, grant a writ of mandamus ordering recusal, or, in the alternative, remand for a hearing to determine the underlying facts related to Judge Gergel's apparent investigation into this matter.

**B. Appeal of this issue following the District Court's resolution of Mr. Roof's § 2255 does not adequately address the concerns raised.**

The Court additionally indicated its belief that Mr. Roof failed to show that he had no other means available for relief, finding that this is a substantive issue in his pending § 2255 motion that is yet to be litigated. The Court ruled that Mr. Roof may appeal to the Fourth Circuit any rejection of this claim by the district court. *See In re Roof* at 4. The Court failed to acknowledge two reasons that an appeal of Mr. Roof's related claim in his § 2255 motion does not adequately address the concerns raised here.

First, the Court failed to recognize that the two issues are distinct: whether trial counsel was ineffective for failing to move to recuse Judge Gergel in 2015 is a separate and distinct issue from whether Judge Gergel can and should be recused *now*. The two issues carry different legal standards and analysis. The first issue,

whether trial counsel were ineffective for their failure to litigate recusal in 2015, is properly raised as part of Mr. Roof's § 2255 proceedings, which should occur in front of an impartial judge. However, the second issue, Judge Gergel's current recusal, should be addressed immediately.

Second, the Court fails to recognize the damage that can be inflicted by allowing Judge Gergel to continue to sit on this case. The damage entails both the public faith in the system's ability to judge Mr. Roof fairly and impartially and Mr. Roof's actual ability to be heard before a fair tribunal on the significant grounds raised by this § 2255 Motion. *Creech v. United States Dist. Ct. for the Dist. of Idaho (In re Creech)*, 119 F.4th 1114 (9th Cir. 2024) (citing *In re Bulger*, 710 F.3d, 42,45 (1st Cir. 2013) (quoting *In re Martinez-Catala*, 129 F.3d 213, 217-18 (1st Cir. 1997)); *In re Al-Nashiri*, 791 F.3d 71, 79 (D.C. Cir. 2015) ("Public confidence in the courts requires that [bias] question[s] be disposed of at the earliest possible opportunity." (alterations in original) (citation omitted)). Judge Gergel flagrantly violated the very foundations of our adversarial legal system by conducting his own factual investigation into the question of recusal, making himself a witness in this matter. Public confidence is lost by allowing him to continue presiding over these proceedings.

Further, the § 2255 proceedings themselves will be less reliable if conducted under this taint. Even where an appeal is available at the conclusion of the district

court proceedings, the proceedings themselves are tainted by the failure to recuse a judge who should be subject to recusal. *See In re Al-Nashiri*, 921 F.3d 224, 233 (D.C. Cir. 2019) ("[M]andamus provides an appropriate vehicle for seeking recusal of a judicial officer during the pendency of a case, as ordinary appellate review following a final judgment is insufficient to remove the insidious taint of judicial bias." (citation and quotation marks omitted)). After all, the very judge whose recusal is sought will have compiled the record that will be reviewed by this Court in the event of an appeal. *See Gladstein v. McLaughlin*, 230 F.2d 762, 763 (9th Cir. 1955) (expressing concern that the court of appeals would "consider the record made up by a judge [it] know[s] to be prejudiced and which well could be infected with his prejudice"). Confidence in subsequent appellate proceedings requires confidence in the compilation of the record on appeal. Therefore, to mitigate questions concerning his judgment, a judge who must recuse should do so sooner rather than later. Judicial economy and the need for faith in the judicial system compel Judge Gergel's recusal now.

### III. CONCLUSION

In response to a recusal motion, Judge Gergel undertook a behind-the-scenes fact-gathering mission. Statements from two of Judge Gergel's colleagues appeared on the docket, and twenty-three minutes later Judge Gergel issued an order extensively relying on those statements. Judge Gergel's actions in response to the

motion for recusal provide an independent basis for his recusal, as they undermined the very adversarial system due process requires and make him a witness in this matter. A claim of ineffective assistance in a § 2255 motion cannot resolve whether Judge Gergel can impartially preside over § 2255 proceedings. Accordingly, this Court should reconsider its Order denying relief and recuse Judge Gergel from Mr. Roof's case, consider this case *en banc,* or at least remand for further, properly conducted, fact-finding on Judge Gergel's potential bias.

Dated: August 27, 2025

Respectfully submitted,

/s/ Jill E.M. HaLevi
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
Phone: 843-819-0557
E-Mail: jill@charlestonmediator.com

/s/ Angela S. Elleman
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

## CERTIFICATE OF COMPLIANCE

1.  This Motion for Rehearing and Rehearing *En Banc* complies with the type-volume limit of Fed. R. App. P. 21(d)(l) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this petition contains 1,747 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font in Times New Roman type style.

Dated: August 27, 2025

/s/ Jill E.M. HaLevi

/s/ Angela S. Elleman
Attorneys for Defendant-Appellant
**Dylann Roof**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, I electronically filed the foregoing

document with the United States Court of Appeals for the Fourth Circuit by using

the CM/ECF system. I certify that all parties or their counsel of record are registered

as ECF filers and that they will be served by the CM/ECF system.

A copy of this petition has also been mailed by First Class United States postal

service this date to The Honorable Richard M. Gergel, United States District Judge,

U.S. District Courthouse, 85 Broad Street, Charleston, SC 29401.

Dated: August 27, 2025

/s/ Jill E.M. HaLevi

/s/ Angela S. Elleman
Attorneys for Defendant-Appellant
Dylann Storm Roof